UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEJUAN FRANK, #642124,                     )
                        Plaintiff,         )
                                           )        No. 2:20-cv-199
-v-                                        )
                                           )        Honorable Paul L. Maloney
TERRY MEDEN,                               )
                        Defendant.         )
                                           )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff DeJuan Frank, a prisoner under the control of the Michigan Department of Corrections, filed this lawsuit alleging violations of his civil rights.  Defendant Terry Meden, a psychiatrist, filed a motion for summary judgment.  (ECF No. 66.)  Plaintiff filed a corrected response.  (ECF No. 79.)  The Magistrate Judge issued a report recommending the Court grant the motion for summary judgment.  (ECF No. 82.)  Plaintiff filed objections.  (ECF No. 84.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff alleges a First Amendment retaliation claim and a claim under the Eighth Amendment.  The Magistrate Judge issued a lengthy and detailed report summarizing the record, including Plaintiff's allegations and his medical records.  Generally, for his objections, Plaintiff does not identify a specific finding of fact or conclusion of law in the report and recommendation.  The Court has endeavored to address Plaintiff's concerns.

1.  Page 4.  The Magistrate Judge wrote "Frank says that Dr. Meden increased his Zyprexa dosage to calm him down."  (R&R PageID.1123.)  Plaintiff objects.  Plaintiff argues that he pleaded only that Dr. Meden stated that the dose should be increased, not that the dose was actually increased.  The Court agrees with Plaintiff's description about the pleading. However, modifying the report and recommendation consistent with Plaintiff's objection would not made any difference to the outcome.

2.  Plaintiff contends there exists a genuine issue of material fact about why Dr. Meden discontinued medications on December 11, 2018.

The Magistrate Judge summarized both Plaintiff's version of the December 11 interaction (R&R PageID.1123) and the version of the interaction found in the medical records (*id.* PageID.1129-30.)  The Magistrate Judge concludes that that the evidence in the record does not support the subjective prong for an Eighth Amendment claim for Dr. Meden's decision to discontinue Plaintiff's medications on December 11.  (*Id.* PageID.1145.)

Plaintiff objects.  Plaintiff contends that the medical records from January 29, 2019, establish that Dr. Meden offered two different reasons for discontinuing the medication,

which Plaintiff insists is evidence that Dr. Meden is falsifying documents.  Plaintiff contends this creates a genuine issue of material fact.

Plaintiff's objection is overruled.  First, Dr. Meden has consistently offered only one reason for discontinuing the medications on December 11.  The Magistrate Judge accurately summarized the record.  Second, the January 29, 2019, record to which Plaintiff refers does not include two different reasons for the discontinuation of medications.  The December 11, 2018, medical record (ECF No. 66-1 PageID.481) includes a notation about the number of sexual misconducts Plaintiff had received.  In the January 29, 2019, medical record, Dr. Meden notes that he reviewed charts and summarized what was December 11 chart: "Rx DC on 12/11/18 d/t feigning sx, seeking abusable substances, sexual deviancy at med passes." (ECF No. 66-1 PageID.518.)  Third, even if one could interpret the January 29 record as evidence that Dr. Meden discontinued Plaintiff's medication because of the number of sexual deviancies, that interpretation would not support the conclusion that Dr. Meden acted for the purpose of causing harm or with the knowledge that harm would result, the subjective prong for an Eighth Amendment claim.

3.  Plaintiff contends a genuine issue of material fact exists about Dr. Meden's deliberate indifference because Dr. Meden was aware that Plaintiff had fewer problems when Plaintiff was taking his medications.  Plaintiff points to one sentence in a document from August 2019.  (ECF No. 66-1 PageID.546.)

The Magistrate Judge summarized all of the medical records relevant to Dr. Meden's medication decisions following reviews of Plaintiff's history of assaults.  On more than one occasion, Dr. Meden compared Plaintiff's history of misconducts while on and while off

medications. (R&R PageID.1132-36.) Read in the light most favorable to Plaintiff, the *entire* record does not establish that Plaintiff had fewer misconducts while on medication. (*See, e.g.*, ECF No. 66-1 PageID.554 and 557.) As a result, the Court cannot second guess Dr. Meden's medical decisions. Plaintiff has not demonstrated a genuine issue of material fact on the objective prong of his Eighth Amendment claim.

Plaintiff only speculates or theorizes that the December 11, 2018, decision to stop medications caused his regression which prevented the subsequent prescriptions from working. He presents no objective medical evidence to support this assertion.

Plaintiff contends that Dr. Meden discontinued the medications the second time because Plaintiff was making Dr. Meden look bad. Again, the Court declines to second guess Dr. Meden's medical decision. Dr. Meden had again reviewed Plaintiff's history on and off of medications and he determined that the medication Plaintiff was using was not effective at reducing Plaintiff's misconduct history.

4. Plaintiff contends that, in an answer to interrogatory #4, Dr. Meden denied discontinuing medications and stated that he only adjusted the medications. Plaintiff contends this response is inconsistent with medical records and creates a genuine issue of material fact.

Plaintiff's objection is overruled. The objection does not address any portion of the Report and Recommendation. The Court infers Plaintiff thinks the Magistrate Judge should have included this fact. Plaintiff does not inform the Court where this interrogatory can be found in the record. The Court conducted a brief search without success. Finally, even if this evidence creates a factual dispute, Plaintiff has not explained why the dispute is material. Put another way, Plaintiff has not demonstrated how this dispute affects any element of one

4

of his claims.  The Court has concluded that Dr. Meden's discontinuance of the medication in December does not provide a sufficient basis for a constitutional claim.

Therefore, the Court **ADOPTS** as its Opinion, the Report and Recommendation. (ECF No. 82.)  The Court **GRANTS** Defendant's motion for summary judgment.  (ECF No. 66.)  **IT IS SO ORDERED.**

Date:      August 24, 2022                                     /s/  Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge